# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

UNITED STATES OF AMERICA

-vs-                                              Case No. 2:12-cr-39-FtM-99DNF

MARTIN JAN LEFF
a/k/a "JOHN DOE"

_____

## IN CAMERA
## REPORT AND RECOMMENDATION
## CONCERNING PLEA OF GUILTY AND JOINT MOTION TO CONTINUE SENTENCING, STAY PRESENTENCE INVESTIGATION, AND PSR AND MOTION TO SEAL

The Defendant, Martin Jan Leff a/k/a "John Doe" by consent, has appeared before me pursuant to Rule 11, FED. R. CR. P. and Rule 6.01(c)(12), Middle District of Florida Local Rules, and has entered a plea of guilty to Count One of the Information. After cautioning and examining the Defendant under oath concerning each of the subjects mentioned in Rule 11, I determined that the guilty plea was knowledgeable and voluntary as to Count One, and that the offense charged is supported by an independent basis in fact containing each of the essential elements of such offense. I, therefore, recommend that the plea of guilty be accepted and that the Defendant be adjudged guilty.

Before the Court is the Joint Motion to Continue Sentencing, Stay Presentence Investigation and PSR and Motion to Seal filed under seal by both parties on April 30, 2012. The parties are requesting that the District Court accept the guilty plea and adjudicate the Defendant guilty, however, that the presentence investigation, presentence report, and the sentencing of the Defendant be continued.

The parties assert that pursuant to FED. R. CRIM. P. 32(b)(1), and case law that a court must impose a sentence without unnecessary delay, and the parties cite to *Pollard v. United States*, 352 U.S. 354, 361 (1957) for the proposition that an unreasonable delay in sentencing may constitute a violation

of a defendant's Sixth Amendment right to a speedy trial. *See also, Juarez-Casares v. United States*, 496 F.2d 190, 192 (5th Cir. 1974). The parties agree that a defendant, with the joinder of the Government, may waive his Sixth Amendment right to a speedy trial and his rights under the Fifth Amendment's Due Process Clause. In this case, the parties state that the Defendant is continuing to cooperate in an ongoing investigation in this case, and presentence investigation and presentence report would require public disclosure of this case, and could jeopardize the investigation. Therefore, the parties are requesting that the presentence investigation, presentence report, and sentencing be continued until after the investigation is no longer in jeopardy by the public disclosure of the Defendant's case.

The Court finds good cause to extend the presentence investigation, presentence report, and sentencing until the investigation is no longer in jeopardy due to the disclosure of the Defendant's case. Upon receipt of an executed waiver of speedy trial and speedy sentencing under the Fifth Amendment Due Process Clause, the Sixth Amendment, and the Speedy Trial Act, 18 U.S.C. §3161,[1] the Court recommends that the Joint Motion to Continue Sentencing, Stay Presentence Investigation and PSR, and Motion to Seal be granted.

**IT IS RESPECTFULLY RECOMMENDED:**

1) The plea of guilty be accepted and the Defendant be adjudicated guilty.

2) Within five (5) days from the date of this Report and Recommendation, the parties file an *in camera* waiver of speedy trial and speeding sentencing as set forth above.

3) Upon receipt of the waiver of speedy trial and speedy sentencing, the Joint Motion to Continue Sentencing, Stay Presentence Investigation and PSR be **GRANTED,** and the sentencing,

---

[1] Although the parties do not believe that the Speedy Trial Act, 18 U.S.C. §3161 contains a provision mandating that sentencing take place within a specified period of time, to cover all contingencies, the Court will require that the parties execute a waiver pursuant to the Speedy Trial Act as well.

presentence investigation, and presentence report be continued until after the investigation is no longer in jeopardy from the public disclosure of the Defendant's case.

4) Within 120 days from the date the Order is entered by the District Court on this Report and Recommendation, the Government shall file an *in camera* status report with the Court as to the status of the investigation, and shall file *in camera* status reports every 90 days thereafter, or until further Order of the Court.

5) The Motion to Seal be **GRANTED,** and the Joint Motion to Continue Sentencing, Stay Presentence Investigation and PSR, and Memorandum of Law and Motion to seal be filed under seal and this Report and Recommendation be filed under seal.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE AND ORDERED** at Fort Myers, Florida, this 4th day of May, 2012.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: Counsel for the Government and Counsel for the Defendant
District Court